UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ANTONIOS N. DIMOULAS,              )
on behalf of minor children        )
T.D. and A.D.,                     )
                                   )
    Plaintiff,                    )
                                   )
v.                                 )    1:17-cv-00042-NT
                                   )
STATE OF MAINE, et al.,            )
                                   )
    Defendants                    )

**RECOMMENDED DECISION AFTER SCREENING
COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)**

Plaintiff has filed a complaint (ECF No. 1) and additional documents (ECF Nos. 8, 12) through which filings he evidently seeks to assert a claim against numerous individuals as the result of incidents or proceedings that interfered with his contact with his minor children.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 4), which application the Court granted. (ECF No. 6.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint.

**Discussion**

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing

an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The documents Plaintiff filed in support of his complaint and the responsibilities of some of the individuals he named as defendants in this action suggest Plaintiff's claim is based at least in part on his dissatisfaction with state court processes in Maine and New Hampshire as they relate to his contact with his minor children. "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* — U.S. —, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). A review of Plaintiff's complaint fails to reveal a basis upon which this Court could exercise either federal question jurisdiction or diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.

To the extent Plaintiff asserts his claim against the State of Maine, its agencies, and state officers acting in their official capacities, such as the Department of Human Services and certain state court judicial officers, the defendants are not persons subject to federal court jurisdiction under the Civil Rights Act, 42 U.S.C. § 1983, and the Eleventh Amendment bars the case from proceeding against the defendants in federal court. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64 (1989); *Poirier v. Mass. Dep't of Corr.*, 558

F.3d 92, 97 n. 6 (1st Cir. 2009); *Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 124 (1st Cir. 2003).[1]

To the extent Plaintiff asserts his claim against local municipalities and municipal officers or officials with state authority, although the named defendants might be susceptible to suit under the Civil Rights Act, 42 U.S.C. § 1983, Plaintiff has failed to assert any facts that would support a plausible federal claim against any of them. Plaintiff also has failed to assert facts that would support a plausible claim based on state law, and the parties are not diverse in their citizenship for purposes of federal court diversity jurisdiction.[2] For the exercise of diversity jurisdiction to be valid, there must be "complete

---

[1] Plaintiff's attempt to assert a claim against state court judicial officers is also barred by the absolute immunity afforded judges. "Judges have absolute immunity not because of their particular location within the Government but because of the special nature of their responsibilities." *Butz v. Economou*, 438 U.S. 478, 511 (1978).

[2] A claim of constitutional harm caused by state actors is within the Court's federal question jurisdiction because it arises under the Civil Rights Act, 42 U.S.C. § 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State …, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. ….

42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto–Rivera v. Medina–Vargas*, 168 F.3d 42, 45 (1st Cir. 1999). Plaintiff alleges his children were kidnapped by municipal officers, which allegation implicates an interest protected by both the Fourteenth Amendment Due Process Clause and state law. However, the facts alleged by Plaintiff and the documents filed in support of his complaint reveal state court proceedings occurred regarding a custody dispute between Plaintiff and the mother of his children. Given the state court proceedings, Plaintiff's conclusory allegation of kidnapping does not state a plausible claim for violation of federal or state law.

diversity of citizenship as between all plaintiffs and all defendants." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008).

To the extent Plaintiff asserts his claim against private individuals, specifically private attorneys and a guardian ad litem, the citizenship of Plaintiff and the private individuals is not diverse for purposes of diversity jurisdiction, and a basis for federal question jurisdiction is not evident from the pleadings. Furthermore, Plaintiff has failed to assert any facts that would support a plausible claim against the private individual defendants.

Finally, to the extent Plaintiff asks the Court to overturn or revisit decisions of a state court, Plaintiff's claim is precluded by the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *Walczak v. Mass. State Retirement Bd.*, 141 F.3d 1150 (1st Cir. 1998) (unpublished) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)).

**Conclusion**

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint.

5

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed finds or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of April, 2017.